# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LORRAINE HUTCHINSON
SULLIVAN, as administrator for
the ESTATE OF JARVIS SULLIVAN,

        Plaintiff,

vs.                                 Case No. 3:22-cv-267-MMH-PDB

NASSAU COUNTY, et al.,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the

instant action on March 10, 2022, by filing a three-count complaint.  <u>See</u>

Plaintiff's Original Complaint (Doc. 1; Complaint).  Upon review, the Court finds

that the Complaint constitutes an impermissible "shotgun pleading."  One

category of "shotgun pleading" contains "multiple counts where each count

adopts the allegations of all preceding counts, causing each successive count to

carry all that came before and the last count to be a combination of the entire

complaint."  <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313,

1321 & n.11 (11th Cir. 2015) (collecting cases).[1]  As a result, "most of the counts
. . . contain irrelevant factual allegations and legal conclusions."  Strategic
Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th
Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is
faced with the onerous task of sifting out irrelevancies in order to decide for
itself which facts are relevant to a particular cause of action asserted.  See id.
Here, in each count of the Complaint, Plaintiff "incorporate[s] all preceding
paragraphs as if fully stated herein."  See Complaint at 7-8.[2]  This manner of
pleading falls squarely into the first category of impermissible shotgun
pleadings.  See Barmapov, 986 F.3d at 1325 (11th Cir. 2021) (describing the four

---

[1]    In Weiland, the Eleventh Circuit "identified four rough types or categories of
shotgun pleadings."  See Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021)
(quoting Weiland, 792 F.3d at 1321).  As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each
> count adopts the allegations of all preceding counts, causing each
> successive count to carry all that came before and the last count to be a
> combination of the entire complaint."  The second is a complaint "replete
> with conclusory, vague, and immaterial facts not obviously connected to
> any particular cause of action."  The third is a complaint that does not
> separate "each cause of action or claim for relief" into a different count.
> And the final type of shotgun pleading is a complaint that "assert[s]
> multiple claims against multiple defendants without specifying which of
> the defendants are responsible for which acts or omissions, or which of
> the defendants the claim is brought against."

Barmapov, 986 F.3d at 1324–25 (quoting Weiland, 792 F.3d at 1321–23).

[2]    The Court notes that the Complaint also contains significant numbering errors
in that two of the three Counts are labeled "Count I" and the paragraph numbers run
from 1-51 and then revert back to 45.  See Complaint at 6-8.  Plaintiff should take care
to correct these typographical errors in the corrected complaint.

general categories of shotgun pleadings) (citing <u>Weiland</u>, 792 F.3d at 1321–23); see also <u>Sarhan v. Miami Dade Coll.</u>, 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); see also <u>Cook v. Randolph Cnty.</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." <u>See</u> <u>Weiland</u>, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."[3] <u>Cramer</u>, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own

---

[3]      Moreover, as the Eleventh Circuit has recently reiterated, "[b]esides violating the rules, shotgun pleadings also . . . 'wreak havoc on appellate court dockets, and undermine respect for the courts.'" <u>Barmapov</u>, 986 F.3d at 1324 (citing <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018)).

initiative); <u>see</u> <u>also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Additionally, the Court notes that the Complaint does not appear to comply with the new typography requirements set forth in the amended Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), which took effect on February 1, 2021.  <u>See</u> Local Rule 1.08(a)-(b).  As such, the Court directs all counsel of record in this case to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance with this and all other Local Rules.[4]  Going forward, filings which do not comply with this or any other Local Rule may be stricken.

In light of the foregoing, it is

**ORDERED**:

1.    Plaintiff's Original Complaint (Doc. 1) is **STRICKEN**.

---

[4]    The Court cautions counsel that the amended Local Rules contain numerous, significant changes.  The parties should review the Local Rules and, to familiarize themselves with key changes, are encouraged to review the "Video Presentation on New Local Rules" available on the Middle District of Florida website at www.flmd.uscourts.gov/local-rules.

2.      Plaintiff shall file a corrected complaint[5] consistent with the directives of this Order on or before **March 29, 2022**.  Failure to do so may result in a dismissal of this action.

3.      Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on March 15, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record

---

[5]     The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure.