IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LORRAINE HUTCHINSON SULLIVAN, as administrator for the ESTATE OF JARVIS SULLIVAN<br>          Plaintiff,<br>v.<br><br>NASSAU COUNTY SHERRIF BILL LEEPER, and FERNANDINA BEACH, and POLICE OFFICER DAVID SWANSON<br><br>          Defendants. | 3:22-cv-267-MMH-PDB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NOW COMES** Lorraine Hutchinson Sullivan as administrator for the Estate of Jarvis Sullivan, Plaintiff, complaining of Defendants Nassau County Sheriff Bill Leeper, Fernandina Beach, and Police Officer David Swanson, and for cause would show the Honorable Court as follows. This Second Amended Complaint is filed upon the written consent of counsel for Defendants and pursuant to this honorable court's April 13, 2022 Order (Doc. 22).

**NATURE OF THE ACTION**

1. May 29, 2020, Jarvis Sullivan was shot and killed by Police Officer David Swanson during a police operation conducted by the Nassau County

1

Sheriff's Office (NCSO) and the Fernandina Beach Police Department (FBPD).

2. Mr. Sullivan was operating a motor vehicle at the time he was shot and posed no risk of death or serious bodily injury to the law enforcement officers on the scene.

3. Officer David Swanson shot Mr. Sullivan from behind despite the fact that Mr. Sullivan did not pose a risk of death or seriously bodily injury.

4. Officer David Swanson's use of lethal force was unreasonable and therefore violated Mr. Sullivans rights under the Fourth Amendment of the United States Constitution and Florida Law.

5. Plaintiff's claims are brought against the Defendants pursuant to 42 U.S.C. § 1983 and the Florida Tort Claims Act.

6. For these violations, Plaintiffs seek redress and compensation for damages and wrongful death of Mr. Sullivan.

## PARTIES

7. Plaintiff, Lorraine Hutchinson Sullivan the mother of Jarvis Sullivan, the administrator of his estate, and an adult individual and a resident of the State of Georgia.

8. Defendant Bill Leeper, in his official capacity as the Sheriff of Nassau County Florida is responsible for NCSO operations and is obligated to

ensure that Law enforcement officers under its control conduct themselves in a manner consistent with the United States Constitution and Florida State Law. He is sued in his official capacity.

9. Fernandina Beach is responsible for FBPD operations and is obligated to ensure that Law enforcement officers under its control conduct themselves in a manner consistent with the United States Constitution and Florida State Law.

10. Defendant David Swanson was at all relevant times a duly appointed law enforcement employed by FBPD and acting at the direction of the NCSO and acting under color of state law. He is sued in his official and individual capacities.

## JURISDICTION AND VENUE

11. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of the decedent Jarvis Sullivan. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

12. Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Middle District of Florida.

## FACTUAL BACKGROUND

13. On May 29, 2020, members of the NCSO Narcotics Unit and the FBPD joint task force conducted a narcotics operation.

14. As part of this narcotics operation, Mr. Sullivan was lured to 852426 US Hwy 17, Yullee Florida by an undercover officer.

15. Upon his arrival, two police vehicles approached Mr. Sullivan's car to box him in.

16. Mr. Sullivan pulled away in his car before he was boxed in.

17. Mr. Sullivan drove around the corner of a building where a police vehicle collided with his car.

18. Immediately following this motor vehicle collision, Officer David Swanson approached the rear of Mr. Sullivan's vehicle and shot him from behind.

19. No officers or citizens were not trapped or vulnerable to injury at the time Officer David Swanson discharged his firearm.

20. No officers were injured or struck by Mr. Sullivan's vehicle.

21. Officer David Swanson was not in reasonable fear of death or serious bodily injury at the time he discharged his firearm.

22. Officer David Swanson's use of lethal force was unreasonable and unjustified.

23. Mr. Sullivan was struck by the Officer David Swanson's bullets which caused him to lose control of his vehicle.

24. Officer David Swanson's unreasonable use of lethal force upon Mr. Sullivan caused him pain, agony, and death.

## WRONGFUL DEATH ACTION

25. Plaintiff hereby brings Wrongful Death claims in the counts *infra* pursuant to Fla. Stat. § 768.16 et seq. ("Florida Wrongful Death Act"), on behalf of all those persons entitled by law to recover damages as a result of the wrongful death of Jarvis Sullivan.

26. No other action has been brought to recover for Mr. Sullivan's death under the aforementioned statute.

27. Plaintiff claims all available damages under the Florida Wrongful Death Act for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that the Plaintiff's decedent, Jarvis Sullivan, would have rendered to the wrongful death beneficiaries but for his traumatic, untimely and unnatural death.

28. Plaintiff claims damages for payment for all medical bills and/or funeral and burial expenses.

## SURVIVAL ACTION

29. Plaintiff also brings the claims in the Counts described *infra* under Fla. Stat. § 46 et. seq. for all damages recoverable, including but not limited to, loss of income, pain and suffering and emotional distress suffered by Plaintiffs' decedent, Jarvis Sullivan, from the initiation of the assault upon him until his death.

### **COUNT I: 42 U.S.C. § 1983 FOURTH AMENDMENT VIOLATION**

*Plaintiff v. Police Officer David Swanson*

30. Officer David Swanson intentionally discharged their firearms at Jarvis Sullivan.

31. Officer David Swanson was not at risk of serious bodily injury or death at the time he discharged his firearm.

32. Officer David Swanson was acting under color of state law.

33. Officer David Swanson's use of lethal force was unreasonable.

34. Officer David Swanson's unreasonable use of force caused Jarvis Sullivan to suffer extreme and severe pain, agony and death.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Police Officer David Swanson pursuant to 42 U.S.C. § 1983, in an amount in excess of One Million Dollars ($1,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death

damages, punitive damages, attorneys' fees under 42 U.S.C. § 1985 and 1988, and any other remedies legally appropriate.

## COUNT II – BATTERY
*Plaintiff v. Police Officer David Swanson, Nassau County Sheriff Bill Leeper, and Fernandina Beach*

35. Officer David Swanson discharged his firearm without justification.

36. Officer David Swanson's firearm discharge caused harmful and offensive contact upon Jarvis Sullivan.

37. Officer David Swanson harmful and offensive contact caused Jarvis Sullivan to suffer extreme and severe pain, agony and death.

38. Officer David Swanson was acting in the course and scope of his duties as a law enforcement officer under direction and control of Nassau County Sheriff Bill Leeper and Fernandina Beach and as an agent for Nassau County Sheriff Bill Leeper and Fernandina Beach when he battered Jarvis Sullivan.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against The Defendants Nassau County Sheriff Bill Leeper, Fernandina Beach, and Police Officer David Swanson.

Respectfully submitted,

*/s/ Mark V. Maguire*
Mark V. Maguire, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Bruce R. Bogan, Esquire, David Jadon, Esquire, and Alison H. Sausaman, Esquire.

*/s/ Mark V. Maguire*
Mark V. Maguire, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
