# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LORRAINE HUTCHINSON
SULLIVAN, as administrator for
the Estate of Jarvis Sullivan,

    Plaintiff,

v.                                                  Case No. 3:22-cv-267-MMH-PDB

NASSAU COUNTY, BILL LEEPER,
Nassau County Sherriff,
FERNANDINA BEACH, and
DAVID SWANSON, police officer,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Swanson's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 41; "Motion"), filed on August 4, 2022. In the Motion, Defendant, Officer David Swanson, seeks dismissal of Plaintiff's Second Amended Complaint (Doc. 24; "Complaint"), filed April 27, 2022, on the grounds that it fails to state a claim upon which relief can be granted.[1] See Motion at 1. Plaintiff Lorraine Hutchinson Sullivan filed

---

[1] Swanson's co-defendants, Nassau County Sheriff Bill Leeper and the City of Fernandina Beach, filed answers to the Complaint and have not sought dismissal. See generally Defendant City of Fernandina Beach's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 27), filed May 9, 2022; Nassau County Sheriff Bill Leeper's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 28), filed May 11, 2022. Ms. Sullivan's claims against these defendants are therefore not

Plaintiff's Response to Defendant David Swanson's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 42; "Response") on August 18, 2022. Accordingly, this matter is ripe for the Court's consideration.

## I. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that

---

before the Court at this time.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also BellSouth Telecomm., 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II. Background[2]

In her Complaint, Ms. Sullivan seeks damages stemming from the death of her son, Jarvis Sullivan. See Complaint ¶¶ 6–7. Specifically, Ms. Sullivan

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the Plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ

asserts two causes of action: a claim against Swanson for deprivation of civil rights under 42 U.S.C. § 1983 (Count I), and a battery claim under state law (Count II) against Swanson, Nassau County Sheriff Bill Leeper, and the City of Fernandina Beach. See Complaint at 6–7. Ms. Sullivan alleges that, as part of a narcotics operation, an undercover police officer "lured" Mr. Sullivan to a location where two police vehicles attempted to "box him in." Id. ¶¶ 14–15. As Mr. Sullivan drove around the corner of a building, "a police vehicle collided with his car." Id. ¶ 17. Immediately afterwards, Swanson "approached the rear of Mr. Sullivan's vehicle and shot him from behind." Id. ¶ 18. Ms. Sullivan further alleges that there was no risk to officers or citizens, that Mr. Sullivan did not injure or strike any officer with his vehicle, and that Swanson was not in reasonable fear of death or serious injury when he fired his gun. See id. ¶¶ 19–21. After being shot, Mr. Sullivan lost control of his vehicle and ultimately died from injuries resulting from the encounter. See id. ¶¶ 23–24.

### III. Analysis

The Court first addresses Swanson's argument that he is entitled to statutory immunity for the state-law battery claim against him in Count II by virtue of section 768.28(9)(a) of the Florida Statutes. See Motion at 13–17. If

---

from those that ultimately can be proved.

Swanson is entitled to statutory immunity, Ms. Sullivan's state law claim for battery must be dismissed. Florida law provides immunity to state employees

> for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment of function, unless such officer[s] . . . acted in bad faith or with malicious purpose or in any manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. Ann. § 768.28(9)(a). Courts construing the bad faith prong of section 768.28 use the actual malice standard, Parker v. State Bd. of Regents ex rel. Fla. State Univ., 724 So. 2d 163, 167 (Fla. 1st DCA 1998), which means the conduct must be committed with "ill will, hatred, spite, [or] an evil intent." Reed v. State, 837 So. 2d 366, 368–69 (Fla. 2002). Conduct meeting the wanton and willful standard is defined as "worse than gross negligence," Sierra v. Associated Marine Insts., Inc., 850 So. 2d 582, 593 (Fla. 2d DCA 2003), and "more reprehensible and unacceptable than mere intentional conduct." Richardson v. City of Pompano Beach, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987). See also Kastritis v. City of Daytona Beach Shores, 835 F. Supp. 2d 1200, 1225 (M.D. Fla. 2011) (defining these standards). As such, a threadbare recital that a defendant "acted maliciously and in bad faith is conclusory" and insufficient. Brivik v. Law, 545 F. App'x 804, 807 (11th Cir. 2013).

Here, Swanson argues that Ms. Sullivan's allegations do not suggest that he shot Mr. Sullivan in bad faith, with malice, or with wanton and willful

- 5 -

disregard of human rights, safety, or property.³  See Motion at 16.  Drawing all reasonable inferences in the light most favorable to Ms. Sullivan, the Court disagrees.  Ms. Sullivan alleges that Swanson lured Mr. Sullivan to a location and shot him from behind, despite Swanson having no reasonable fear of death or injury, and there being no risk to bystanders or other officers.  See Complaint ¶¶ 18–21.  Ms. Sullivan thus plausibly alleges that Swanson acted with malice or wanton and willful disregard of Mr. Sullivan's rights or safety.  See Greer v. Ivey, 767 F. App'x 706, 712–13 (11th Cir. 2019) (concluding that there was a factual question as to whether officers met this standard because the evidence could suggest that "the officers did not reasonably fear for their safety").⁴  Accordingly, at this time statutory immunity does not provide a basis for dismissing Ms. Sullivan's Complaint.⁵

---

³ Ms. Sullivan does not dispute that Swanson acted within the scope of his employment.  See Complaint ¶ 38 (alleging that Swanson "was acting in the course and scope of his duties" at the time of the shooting).

⁴ The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

⁵ Swanson also argues for dismissal because Ms. Sullivan brings Count II against all defendants, while Florida's waiver of sovereign immunity cannot simultaneously apply to a government entity and an individual officer.  See Motion at 14.  While Florida sovereign immunity law precludes a plaintiff from recovering concurrently from both the municipality and the employee for a wrongful death claim, see Fla. Stat. § 768.28(9)(a), the federal pleading rules permit a plaintiff, in initiating his or her action, to plead in the alternative against both the municipality and the officer.  See Fed. R. Civ. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").  Although Ms. Sullivan cannot ultimately recover against both Swanson and the government entities, dismissal of Count II on this basis would

The Court turns next to Swanson's argument that the claims in the Complaint should be dismissed for failure to comply with Florida Statutes section 768.16, Florida's Wrongful Death Act ("FWDA"). See Motion at 5–6. The Supreme Court has determined that because § 1983 does not address the survival of civil rights actions upon the death of an individual, it is "deficient." See Robertson v. Wegmann, 436 U.S. 584, 588 (1978). When § 1983 is deficient, 42 U.S.C. § 1988 directs courts to apply state survivorship law—if consistent with federal law—to the § 1983 claims. See Estate of Gilliam ex rel. Waldroup v. City of Prattville, 639 F.3d 1041, 1045–46 (11th Cir. 2011). In the FWDA, Florida provides a comprehensive statutory scheme to address wrongful death claims and meaningfully compensate the estate of the survivors that is not inconsistent with federal law. Sharbaugh v. Beaudry, 267 F. Supp. 3d 1326, 1334–40 (N.D. Fla. 2017) (concluding that Florida's wrongful death statute is consistent with federal law, and thus "fills the survival gap in § 1983").[6] Accordingly, as Ms. Sullivan acknowledges, she must comply with the FWDA for both her federal and state-law claims.

Swanson argues that Ms. Sullivan failed to comply with the FWDA because she "has failed to identify all potential beneficiaries" of her wrongful

---

be premature.

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

death action as required by statute. Motion at 6. The FWDA requires that "[a]ll potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged." Fla. Stat. § 768.21. In her Complaint, Ms. Sullivan identifies herself as "the mother of Jarvis Sullivan" and "the administrator of his estate." Complaint ¶ 7. Although Ms. Sullivan does not affirmatively plead the nonexistence of other beneficiaries, she represents in her Response that Mr. Sullivan "has no children or other surviving parent," and, as such, that Ms. Sullivan and Mr. Sullivan's estate constitute "an exhaustive list of beneficiaries." Response at 3. On this record, the Court declines to find that Ms. Sullivan's claims are due to be dismissed, and Swanson cites no contrary authority and no information suggesting that additional unidentified beneficiaries exist.[7] In light of Ms. Sullivan's representation, and without any assertion that there are potential beneficiaries yet to be identified, the Court sees no reason to dismiss the Complaint on this basis.

Finally, Ms. Sullivan asserts damages under both FWDA and survival-action theories in her Complaint. See Complaint at 6. Much of Swanson's Motion is devoted to arguing that the FWDA replaces survival actions under

---

[7] Swanson argues that Ms. Sullivan's "failure to identify the potential beneficiaries . . . deprives [him] of the ability to assert additional defenses regarding ineligible beneficiaries." Motion at 6 n.2. Should it become apparent that there <u>are</u> such potential beneficiaries, Swanson may renew this argument. Currently, however, no party asserts that there are potential beneficiaries who have not been identified in the Complaint.

Florida law, and is thus the exclusive measure of damages in such claims.[8]  See Motion at 6–13.  Ms. Sullivan does not dispute this argument in her Response, instead representing that she will "proceed pursuant to the Florida Wrongful Death Act, not the Survival Act."  See Response at 4 (acknowledging that the claims "in Count I and Count II are appropriately framed as seeking the damages available under the FWDA" as opposed to a survival action).  Accordingly, the Court will grant Swanson's request to strike paragraph 29 from the Complaint.  See Motion at 6 (arguing that Ms. Sullivan's "claim for survival damages should be stricken").  But this does not mean dismissal is appropriate, because Ms. Sullivan pleaded her survival action as a theory of damages, not a standalone cause of action.  See Complaint ¶ 29 (describing how Ms. Sullivan "brings the claims in the Counts described infra under" a survival-action theory of damages in addition to her FWDA theory).  For this reason, it would be improper to dismiss Ms. Sullivan's claims.  To this extent, the Motion is thus due to be denied.

---

[8] Although a wrongful death action is ordinarily distinct from a survival action, the Florida Supreme Court has explained that the FWDA encompasses survival actions, but only as "modified to substitute the survivor's pain and suffering for a decedent's pain and suffering as an element of damages."  See Martin v. United Sec. Servs., Inc., 314 So. 2d 765, 770 (Fla. 1975).  "In other words, the decedent's pain and suffering damages are not given or transferred to the surviving relatives; the survivors' pain and suffering is compensated instead."  Sharbaugh, 267 F. Supp. 3d at 1334 n.13 (analyzing Martin and concluding that the FWDA "fills the survival gap in § 1983" even though it does not allow a decedent's pre-death damages to survive).

Accordingly, it is

**ORDERED:**

1. Defendant Swanson's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 41) is **GRANTED IN PART** to the extent that paragraph 29 of Plaintiff's Second Amended Complaint (Doc. 24) is **STRICKEN**.

2. The Motion is otherwise **DENIED**.

3. Swanson must answer the Complaint on or before **March 27, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of March, 2023.

_MARCIA MORALES HOWARD_
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record