United States District Court
Middle District of Florida
Jacksonville Division

**LORRAINE HUTCHINSON SULLIVAN,**
AS ADMINISTRATOR FOR THE ESTATE
OF JARVIS SULLIVAN,

     *Plaintiff,*

v.                                                     **NO. 3:22-cv-267-MMH-PDB**

**NASSAU COUNTY ETC.,**

     *Defendants.*

---

## Report & Recommendation

Lorraine Hutchinson Sullivan brings this lawsuit as the administrator of the estate of her son, Jarvis Sullivan, who was shot and killed on May 29, 2020, during a task force operation to effectuate his arrest. Doc. 24.

Before the Court is the City of Fernandina Beach and Officer David Swanson's motion (1) to enforce or compel compliance with a settlement agreement reached during a December 2023 settlement conference with the Honorable Monte Richardson and (2) to award attorney's fees incurred in bringing the motion. Doc. 81. Ms. Hutchinson Sullivan opposes the motion. Doc. 82.

## Background

Ms. Hutchinson Sullivan brought this lawsuit in March 2022. Doc. 1. She filed the latest complaint in April 2022 against Nassau County Sheriff Bill

Leeper, Fernandina Beach, and Officer Swanson. Doc. 24. Each defendant answered that complaint, with Officer Swanson answering after the Court granted in part his motion to dismiss. Docs. 27, 28, 41, 44, 45. Ms. Hutchinson Sullivan voluntarily dismissed claims for "loss of prospective net accumulation" damages and "loss of service and support" damages, and the Court dismissed those claims. Docs. 50, 51.

Each defendant moved for summary judgment. Docs. 54, 55, 58, 59. Officer Swanson argued he was entitled to summary judgment based on qualified immunity because even Ms. Hutchinson Sullivan's expert opined Officer Swanson had reasonably feared "death or great bodily harm for himself and the other officers on scene as a result of [Mr.] Sullivan's actions." Doc. 54 at 1–2. Fernandina Beach argued it was entitled to summary judgment because the claims against Officer Swanson fail (for the same reasons Officer Swanson argued) and thus the claims against Fernandina Beach fail. Doc. 58 at 1–2. Sheriff Leeper argued he was entitled to summary judgment because he had not employed Officer Swanson and could not be vicariously liable for Officer Swanson's actions and because Officer Swanson's actions were reasonable under the circumstances. Doc. 59 at 1–2.

Ms. Hutchinson Sullivan opposed Fernandina Beach's motion and Officer Swanson's motion. Docs. 60, 63. The Court directed her to respond to Sheriff Leeper's motion and amend her response to Fernandina Beach's motion. Doc. 64.

Before the deadline to comply with the order, Doc. 64, the mediator reported that all parties and their counsel had appeared at mediation on

August 18, 2023, and the "case has been completely settled." Doc. 65 (emphasis omitted). The Court ordered the clerk to administratively close the case and the parties to file a joint stipulation of dismissal. Doc. 66.

Before the deadline to comply with the order, Doc. 66, Ms. Hutchinson Sullivan moved to re-open the case and "proceed with the litigation," Doc. 67. She explained that, during the mediation, she had agreed to settle with Sheriff Leeper for $100, she intends to sign a release he provided, and she asks the Court to take no action on that settlement.[1] Doc. 67 ¶ 7. She further explained that, during the mediation, she had agreed to settle with Fernandina Beach and Officer Swanson for $50,000; after the mediation, Fernandina Beach had provided her counsel a release reflecting the agreement reached at the mediation; and she had "had a change of heart and no longer wishes to settle this matter with Fernandina Beach or [Officer] Swanson because of the emotional toll that such a settlement would have on her." Doc. 67 ¶¶ 8, 11–12.

Fernandina Beach and Officer Swanson opposed the motion and moved to enforce the settlement agreement and award attorney's fees incurred in bringing the motion. Doc. 68. They stated Fernandina Beach's City Commission had approved the settlement terms during a "duly noticed" meeting on September 5, 2023. Doc. 68 ¶ 6; *see* Doc. 68-1 (resolution approving

---

[1]In the order spurred by the mediation report, the Court ordered the parties to file a joint stipulation of dismissal "or other appropriate documents to close out this file" and stated, "If the parties have not filed settlement pleadings or a request for additional time by the **October 23, 2023**, deadline, this case will automatically be deemed to be dismissed without prejudice." Doc. 66 ¶¶ 1, 2. Ms. Hutchinson Sullivan and Sheriff Leeper did not respond to this order.

3

settlement). That approval followed Ms. Hutchinson Sullivan's motion. *See* Doc. 67 (motion filed on August 30, 2023).

The motions were referred to the undersigned for a report and recommendation. Doc. 69. After speaking with counsel at a telephone conference, the undersigned ordered Ms. Hutchinson Sullivan, Fernandina Beach, and Officer Swanson to participate in a settlement conference with Judge Richardson. Doc. 72.

At the conclusion of the settlement conference, a minute entry was entered stating that a settlement had been reached and directing counsel to file a notice of settlement. Doc. 78. The next day, Fernandina Beach and Officer Swanson timely filed the notice. Doc. 79. They stated, "The resolution resolves all claims in this litigation. … The parties are in the process of finalizing a Release of All Claims and will file a Notice of Dismissal upon execution of the Release and transmission of all necessary settlement funds." Doc. 79 ¶¶ 1, 2. The next day, the Court ordered the parties to file a joint stipulation of dismissal by February 7, 2024, or the "case will automatically be deemed to be dismissed without prejudice" and ordered the clerk to terminate (1) Ms. Hutchinson Sullivan's motion to re-open the case and (2) Fernandina Beach and Officer Swanson's motion to enforce the original settlement agreement and award attorney's fees.[2] Doc. 80.

---

[2]As with the order spurred by the mediator's report, *see* footnote 1, Sheriff Leeper has not responded to the order spurred by the minute entry of the settlement conference with Judge Richardson.

On February 6, 2024, Fernandina Beach and Officer Swanson filed the current motion. Doc. 81. Ms. Hutchinson Sullivan responds by admitting most paragraphs in the motion, including statements of the law on enforcement of settlement agreements and these paragraphs:

> 3. On December 6, 2023, the parties and counsel appeared before [Judge] Richardson for a Settlement Conference. After hours of work by Judge Richardson, the parties reached a Settlement Agreement ("Second Settlement Agreement"). …. Prior to the conclusion of the Settlement Conference and before the Court, the parties discussed the procedure to effectuate the Second Settlement Agreement which just like the First Settlement Agreement included a mutually agreeable release of all claims, and timeframe for delivery of settlement funds after execution.
>
> …
>
> 6. On December 6, 2023, immediately following the Settlement Conference, Counsel for [Fernandina Beach] circulated correspondence to [Ms. Hutchinson Sullivan] with a Release of all Claims ("Release") and requested [her] Counsel's W9 and check instructions. Counsel for [Ms. Hutchinson Sullivan] never responded. The Release is attached as Exhibit "A." To date, [she] has raised no objection to or concerns with the Release language.
>
> 7. On December 19, 2023, Counsel for [Fernandina Beach] followed-up again with [Ms. Hutchinson Sullivan]'s Counsel regarding the status of his review of the proposed release and again, seeking [her] Counsel's W9 and check instructions. Counsel for [Ms. Hutchinson Sullivan] never responded.
>
> 8. On December 28, 2023, Counsel for [Fernandina Beach] followed-up again with [Ms. Hutchinson Sullivan]'s Counsel regarding the status of his review of the proposed release and again, seeking the W9 and check instructions. Counsel for [Ms. Hutchinson Sullivan] never responded.

>    9.     On January 23, 2024, Counsel for [Fernandina Beach] sent further correspondence to [Ms. Hutchinson Sullivan]'s Counsel requesting compliance and attached the first draft of the instant Motion.
>
>    10.    In response, on January 23, 2024, [Ms. Hutchinson Sullivan]'s Counsel requested until January 26, 2024, to review the proposed motion and work toward resolution. Due to scheduling issues, the parties were unable to have a conference on these issues until January 31, 2024.
>
>    11.    During the conference call, Counsel for [Ms. Hutchinson Sullivan] was candid and professional about his inability to secure signature and compliance. Based on the information provided during the conference call, [Ms. Hutchinson Sullivan]'s Counsel has had appropriate ex-parte communication with … Judge Richardson seeking guidance on this issue. It is the [counsel]'s understanding that Judge Richardson advised that the parties seek enforcement or compulsion via motion practice.
>
>    12.    Copies of the written correspondence outlined above can be made available to the Court upon request.

Doc. 81 ¶¶ 3, 6–12 (emphasis omitted); Doc. 82 ¶¶ 3, 6–12 (responding "admitted").

Ms. Hutchinson Sullivan responds differently to this paragraph: "[Ms. Hutchinson Sullivan] has no factual or legal basis to not abide by the Second Settlement Agreement. Therefore, the Court is within its power and discretion to force compliance with the Second Settlement Agreement, require execution of a Release, and if deemed appropriate, award sanctions in favor of [Fernandina Beach and Officer Swanson]." Doc. 81 ¶ 20. To that paragraph, she responds, "Admitted that this … Court has the authority enforce settlement. Denied as to whether [Ms. Hutchinson Sullivan] has a factual basis to abandon the Settlement. [Her] stated basis is an emotional unwillingness to sign a document which she perceives as failing to adequately hold [Fernandina

6

Beach and Officer Swanson] responsible for her decedent's death." Doc. 82 ¶ 20.

Fernandina Beach and Officer Swanson include with the motion a three-page release (plus a signature page). Doc. 81-1. The release has twelve principal provisions, described here generally. First, the release provides that for the "sole consideration" of $50,000, Ms. Hutchinson Sullivan, as the administrator of Mr. Sullivan's estate, "fully release[s] and discharge[s]" Fernandina Beach and Officer Swanson from any claim, whether known or unknown, related to the events described in the lawsuit. Doc. 81-1 at 1. Second, the release provides that that the release extends to any right Ms. Hutchinson Sullivan has for attorney's fees, contribution, or indemnity against Fernandina Beach and Officer Swanson arising out the events described in the lawsuit. Doc. 81-1 at 1. Third, the release provides that the "settlement is the compromise of a disputed claim and that the payment made is not to be construed as an admission of liability on the part of" Fernandina Beach and Officer Swanson. Doc. 81-1 at 2. Fourth, the release provides that Ms. Hutchinson Sullivan acknowledges each party will bear their own attorney's fees and costs. Doc. 81-1 at 2. Fifth, the release provides Ms. Hutchinson Sullivan is responsible for any issue concerning Medicare and Medicaid and agrees to hold Fernandina Beach and Officer Swanson harmless from any lien claims. Doc. 81-1 at 2. Sixth, the release provides that Ms. Hutchinson Sullivan authorizes her lawyer to sign any papers required by the settlement and to file a dismissal with prejudice of this lawsuit within seven days of receiving the $50,000. Doc. 81-1 at 3. Seventh, the release provides that Ms. Hutchinson Sullivan is responsible for any tax payments related to her receipt of the

7

$50,000. Doc. 81-1 at 3. Eighth, the release states that the release will be construed and interpreted in accordance with Florida law. Doc. 81-1 at 3. Ninth, the release provides that if any provision is held unenforceable, the remainder of the release is still effective. Doc. 81-1 at 3. Tenth, the release provides that the release must be construed without regard to who drafted it and is considered drafted by all parties such that no ambiguity may be interpreted against a party. Doc. 81-1 at 3. Eleventh, the release provides that Ms. Hutchinson Sullivan has the benefit of counsel, understands the release provisions, and understands she is "making a full and final settlement agreement of all claims of every nature and character" she has against Fernandina Beach and Officer Swanson. Doc. 81-1 at 3. Twelfth, the release provides it is the entire agreement between the parties. Doc. 81-1 at 3.

>Fernandina Beach and Officer Swanson request this relief:

>In addition to compelling signature of the Release and compliance with the settlement terms, [Fernandina Beach and Officer Swanson] request that the Court include in the order a deadline for signature and compliance by [Ms. Hutchinson Sullivan]. [Fernandina Beach and Officer Swanson] also request that the order hold that the Release [included with the motion], shall be deemed binding and enforceable on all parties by failure of [Ms. Hutchinson Sullivan] to comply with the ordered deadline. Once the Release is deemed binding (whether by signature or failure to comply), [Fernandina Beach and Officer Swanson] will work with [Ms. Hutchinson Sullivan]'s Counsel for a transmission of funds.

Doc. 81 ¶ 21. Ms. Hutchinson Sullivan admits "this paragraph articulates [Fernandina Beach and Officer Swanson's] request of this Honorable Court." Doc. 82 ¶ 21.

**Law and Analysis**

A district court may enforce a settlement agreement if a party refuses to comply with it before the case is dismissed. *Kent v. Baker*, 815 F.2d 1395, 1398–1400 (11th Cir. 1987). State contract law governs its construction and enforcement. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985).

Under Florida law, absent a contractual provision specifying the governing law, a contract other than for performing services is governed by the law of the state in which the contract was made. *Shaps v. Provident Life & Accident Ins. Co.*, 826 So. 2d 250, 254 n.3 (Fla. 2002). Because the settlement conference occurred in Jacksonville, Doc. 78 at 1, and the parties do not contend the settlement agreement specified any governing law, Florida law applies.

Both Florida law and federal law favor enforcing settlement agreements to conserve judicial resources. *See Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967); *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). In deciding whether to enforce a settlement agreement, a court must do so "without regard to what the result might, or would have been, had the parties chosen to litigate rather than settle." *Cia Anon*, 374 F.2d at 35. In an order enforcing a settlement agreement, a court must mirror the agreement and may not include any term or condition not included in the agreement. *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002).

Under Florida law, settlement agreements are interpreted and governed by contract law. *Id.; Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992). A contract is created by an offer, acceptance, consideration, and specification of essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." *Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 407 (Fla. 1974) (quotations omitted). Not pertinent to enforceability is whether a party had read the contract before signing it. *Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 347–48 (Fla. 1977). A settlement agreement need not be in writing. *Dania Jai-Alai Palace, Inc. v. Sykes*, 495 So. 2d 859, 862 (Fla. 4th DCA 1986).

The party moving to enforce a settlement agreement must show by a preponderance of the evidence a meeting of the minds or assent. *Spiegel*, 834 So. 2d at 297; *Williams*, 605 So. 2d at 893 & n.2. To avoid the effect of an otherwise binding agreement, the party wanting avoidance must show by a preponderance of the evidence that there is some legally recognized reason for avoidance. *Cooke v. French*, 340 So. 2d 541, 543 (Fla. 1st DCA 1976); *see also Wieczoreck v. H&H Builders, Inc.*, 475 So. 2d 227, 228 (Fla. 1985) (clarifying that preponderance standard applies to fraud). Reasons for avoidance are illegality, fraud, duress, undue influence, or mistake. *Lotspeich Co. v. Neogard Corp.*, 416 So. 2d 1163, 1165 (Fla. 3d DCA 1982); *see, e.g.*, *Moriber v. Dreiling*, 194 So. 3d 369, 372 (Fla. 3d DCA 2016) (discussing fraud); *City of Miami v. Kory*, 394 So. 2d 494, 497 (Fla. 3d DCA 1981) (discussing duress).

Fernandina Beach and Officer Swanson satisfy their burden of showing by a preponderance of the evidence a meeting of the minds or assent. Ms. Hutchinson Sullivan admits "that on December 6, 2023, the parties came to a meeting of the minds and agreed to settle this matter completely as to [Officer] Swanson and [Fernandina Beach] for a combined sum of $50,000.00 in exchange for a mutually agreeable release of all claims." Doc. 81 ¶ 5; Doc. 82 ¶ 5. Ms. Hutchinson Sullivan fails to satisfy her burden of showing by a preponderance of the evidence that there is some legally recognized reason for avoidance. That Ms. Hutchinson Sullivan is a grieving mother who lost a child and is emotionally unwilling to sign a release under the perception that the amount fails to adequately hold Officer Swanson and Fernandina Beach responsible for her son's death is not a legally recognized reason for avoidance.[3] The law requires enforcement of the settlement agreement.

The parties agreed that Fernandina Beach and Officer Swanson would pay Ms. Hutchinson Sullivan $50,000, and she would sign a mutually agreeable release of liability from all claims. Doc. 81 ¶ 5; Doc. 82 ¶ 5. The release, described above, appears standard, and Ms. Hutchinson Sullivan, through counsel, agrees she has raised no objections or concerns with the

---

[3]In reality, a settlement amount reflects many factors, including the binding law that must be applied and the risk that a plaintiff may receive nothing and instead must pay costs based on binding law as applied to the facts. Qualified immunity is a particularly difficult hurdle for a plaintiff to overcome in use-of-force cases. *See, e.g., City & County of San Francisco v. Sheehan*, 575 U.S. 600, 616 (2015) ("[S]o long as a reasonable officer could have believed that his conduct was justified, a plaintiff cannot avoid summary judgment by simply producing an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless." (internal quotation marks, alterations and quoted authority omitted)).

11

release. Doc. 81 ¶ 6; Doc. 82 ¶ 6. Indeed, her issue is not with the release but with the settlement itself. *See* Doc. 82 ¶ 20 ("Admitted that this … Court has the authority [to] enforce [the] settlement. Denied as to whether [Ms. Hutchinson Sullivan] has a factual basis to abandon the Settlement."). Accordingly, the Court may consider the release mutually agreeable.

Fernandina Beach and Officer Swanson's request to establish a deadline for Ms. Hutchinson Sullivan to sign the release and consider the release signed if she fails to sign the release by the deadline is warranted in light of her previous refusals to sign a release. *See* Doc. 67 ¶¶ 8, 11–12.

To manage its affairs and achieve the orderly and expeditious disposition of cases, courts have inherent power to impose sanctions for litigation misconduct but must exercise that power with restraint and caution. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). A court may use its inherent power when it finds that a party has acted in bad faith, which includes delaying or disrupting litigation or hampering enforcement of a court order. *Id.*

In their motion to enforce the settlement agreement, Fernandina Beach and Officer Swanson argue Ms. Hutchinson Sullivan "has no factual or legal basis to not abide by the Second Settlement Agreement. Therefore, the Court is within its [inherent] power and discretion to force compliance with the Second Settlement Agreement, require execution of a Release, and if deemed appropriate, award sanctions in favor of [Fernandina Beach and Officer Swanson.]" Doc. 81 ¶ 20. The undersigned recommends declining to use inherent authority to award attorney's fees against Ms. Hutchinson Sullivan.

12

The record shows her refusal to comply with the settlement agreement resulted from grief and other emotions, not from bad faith or other ill motive that would warrant an award of attorney's fees against her.

## Recommendation

Thus, the undersigned recommends:

(1) **granting** the motion to enforce the settlement agreement, Doc. 81;

(2) **denying** Fernandina Beach and Officer Swanson's request for attorney's fees and costs in bringing the motion to enforce the settlement agreement, Doc. 81 at 1, ¶¶ 19, 20;

(3) **ordering** Ms. Hutchinson Sullivan to sign the release, Doc. 81-1, within fourteen days of entry of the order;

(4) **ordering** that any failure by Ms. Hutchinson Sullivan to timely sign the release will be construed as her assent to the release;

(5) **ordering** that Fernandina Beach and Officer Swanson pay Ms. Hutchinson Sullivan, through counsel, $50,000 within thirty days of her (actual or construed) signature of the release;

(6) **ordering** the parties to file a joint notice of dismissal with prejudice (with each party bearing their own attorney's fees and costs) under Federal Rule of Civil Procedure 41 within seven days of payment of the $50,000; and

(7) **directing** the Clerk of Court to close the case.

13

**Objections and Responses**

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1.

**Done** in Jacksonville, Florida, on February 27, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*