UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORRAINE HUTCHINSON
SULLIVAN, as administrator for
the Estate of Jarvis Sullivan,

    Plaintiff,

v.                                      Case No. 3:22-cv-267-MMH-PDB

BILL LEEPER, Nassau County
Sherriff, FERNANDINA BEACH,
and DAVID SWANSON, police
officer,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report & Recommendation (Dkt. No. 83; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on February 27, 2024. In the Report, Judge Barksdale recommends granting the motion to enforce the settlement agreement and denying the request for attorney's fees and costs. See Report at 13. No objections to the Report have been filed, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 14.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report & Recommendation (Dkt. No. 83) is **ADOPTED** as the opinion of the Court.

2. Defendants the City of Fernandina Beach and David Swanson's Motion to Enforce and/or Compel Compliance with the Settlement Agreement Reached at the December 6, 2023, Settlement Conference, and Motion for Fees (Dkt. No. 81; Motion) is **GRANTED, in part, and DENIED, in part**.

3. The Motion is **GRANTED** to the extent that the Court will enforce the settlement agreement.

4. The Motion is **DENIED** to the extent Defendants seek attorney's fees and costs.

5. Ms. Hutchinson Sullivan is **ORDERED** to sign the release (Dkt. No. 81-1) no later than **April 12, 2024**. Failure to timely sign the release will be construed as her assent to the release.

6. The City of Fernandina Beach and Officer Swanson are **ORDERED** to pay Ms. Hutchinson Sullivan, through counsel, $50,000 within **30 days** of her (actual or construed) signature of the release.

7. <u>All</u> parties[2] shall file a joint stipulation of dismissal with prejudice (with each party bearing their own attorney's fees and costs) under Federal Rule of Civil Procedure 41 within **seven days** of payment of the $50,000.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of March, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties

---

[2] See <u>City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.</u>, 82 F.4th 1031, 1034 (11th Cir. 2023) (holding that a stipulation not signed by "all parties who have appeared" in the lawsuit ineffective under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure).

-4-